

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

IVAN G SIMPSON
LUPITA T SIMPSON

        Debtors.         Case No. 13-20-11245-JA

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

This matter came before the Court on Nationstar Mortgage LLC D/B/A Mr. Cooper's ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on September 25, 2020, (Docket No. 29) (the "**Motion**"). The Court, having reviewed the record, the Motion, and being otherwise sufficiently informed, FINDS:

    a.    On September 25, 2020, Creditor served the Motion and a notice of the Motion (the "**Notice**") on Ronald E Holmes, Attorney for Debtors, and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the

Debtors Ivan G Simpson and Lupita T Simpson, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

      b.      The Motion relates to the property located at 6328 Nw Buenos Aires Place, Albuquerque, New Mexico 87120 (the "**Property**"), more fully described as:

> Lot numbered Thirty-three (33) of Volcano Cliffs Subdivision Unit 1, a Subdivision of a tract of land in the East Half of Section 27, Township 11 North, Range 2 East, NMPM, Bernalillo County, New Mexico, as the same is shown and designated on the plat of said subdivision filed in the office of the County Clerk of Bernalillo County, New Mexico, on July 3, 1969 in plat Book D4, folio 36.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

      c.      The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

      d.      The Notice was sufficient in form and content;

      e.      The objection deadline will expire on October 20, 2020;

      f.      On September 30, 2020 Debtor's Counsel reached out to resolve the Motion;

      g.      As of October 2, 2020 no party in interest filed a response to the Motion;

      h.      The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

      1.      <u>Post-Petition Default</u>. The Debtors will cure the postpetition arrears in the amount of $3,420.27 by making six (6) monthly payments (the "**Stipulated Monthly Payment**"). The

Debtors are due for July 1, 2020 through September 1, 2020, being three (3) payments of $1,140.09 each, for a total post-petition payment arrearage amount through September 30, 2020 of $3,420.27.

2. <u>Stipulated Monthly Payments</u>. The Debtor shall timely pay the Stipulated Monthly Payments as follows:

| Due Date | Payment Amount |
|---|---|
| November 15, 2020 | $570.07 |
| December 15, 2020 | $570.04 |
| January 15, 2021 | $570.04 |
| February 15, 2021 | $570.04 |
| March 15, 2021 | $570.04 |
| April 15, 2021 | $570.04 |
| **TOTAL** | **$3,420.27** |

3. Remittance of full and timely payment amounts under this schedule will cure and satisfy the current total post-petition default of $3,420.27 by April 15, 2021. These payments shall include the loan number and will be made in certified funds and will be delivered to:

> Nationstar Mortgage LLC d/b/a Mr. Cooper
> Attn: Payment Processing, PO Box 619094
> Dallas, TX 75261-9741

4. <u>Monthly Note Payments</u>. In addition, Debtors shall continue to timely pay their regular monthly payment due as required by the Note in the amount of $1,140.09 as they come due commencing with the October 1, 2020 payment (unless otherwise notified by Creditor), and continuing thereafter (the "**Note Payment**").

5. Notice of Default. In the event the Debtors fails to tender either a Stipulated Monthly Payment or Note Payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel (the "**Notice of Default**").

  a. <u>Cure Period</u>. The Debtors will have fifteen (15) days from the filing of a Notice of Default to pay the balance due pursuant to the Notice of Default (the "**Cure**").

  b. <u>Default</u>.  If the Debtors fails to Cure within fifteen (15) days of the filing of the Notice of Default, then Debtors shall be in Default (the "**Default**").

  c. <u>Affidavit of Default</u>.  If Debtors are in Default, then upon movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

  d. <u>Third Failure to Make Monthly Payment</u>. The Debtors will only receive two (2) Notices of Default.  In the event that the Debtors fails to make a monthly payment when it becomes due on the Note and Mortgage a third time, Creditor may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law. The automatic stay is not modified to permit creditor to take any act to collect a deficiency or other obligation against the debtors or to create any personal liability as to the debtors, but rather, the stay is modified to allow the debtors to be named as defendants *in rem* and seek enforcement of its security interest against the property.

6. <u>Trustee Payments</u>.  Upon Default and the filing of an Affidavit of Default with proper notice of the Default to the Trustee, the Trustee shall immediately cease making payments

to Creditor pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amend

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtors to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtors, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may

immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By */s/ Michael D. Mazur*
    MICHAEL D. MAZUR
    Attorney for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Michael.Mazur@roselbrand.com


APPROVED BY:


By:   Approved via email on 10/15/2020
    Ronald E Holmes
    Attorney for Debtors
    320 Gold SW Suite 1111
    Albuquerque, NM 87102
    Telephone: 505-268-3999
    rholmes@davismiles.com


By:   Approved via email on October 16, 2020
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335